Filed 3/8/22  P. v. Mo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TIEN HSIANG MO,<br><br>    Defendant and Appellant. | G060851<br><br>(Super. Ct. No. 00HF0111)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2021, the trial court summarily denied defendant Tien Hsiang Mo's petition for resentencing. (Pen. Code, § 1170.95.)[1] The court found "there is not a prima facie showing and the petitioner is not entitled to relief."

Defendant filed an appeal. Defendant's appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant did not file a supplemental brief.

In the interests of justice, this court has independently reviewed the record and found no arguable issues. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 269.) Thus, we affirm the order of the trial court denying the section 1170.95 petition.

I

BRIEF FACTS AND PROCEDURAL HISTORY

In 1999, defendant stole some jewelry from Eric Liu's home. Defendant and her boyfriend, Sonny Wong, planned to kill Liu to prevent him from reporting the jewelry theft to the police. About a week before the murder, they met with three men at a restaurant to recruit them in a purported plan to rob Liu.

On the morning of Liu's murder, defendant bought some gasoline from a gas station, which she put it in a container. Wong and the three other accomplices later met up with defendant at her house. Liu then arrived at defendant's house where he was attacked and tied up. Wong cut Liu's forehead and the other men placed him in the trunk of his own car; he was still alive. Wong drove Liu's car to a vacant lot. Defendant and the other accomplices followed in defendant's car. The car was set on fire. Police recovered Liu's charred remains from the trunk of his car.

In 2001, a jury found defendant guilty of first degree murder and found true a lying-in-wait special circumstance allegation. (§§ 187, 190.2, subd. (a)(15).) The trial

[1] Further undesignated statutory references are to the Penal Code.

2

court imposed a life sentence without the possibility of parole. This court affirmed the judgment. (*People v. Mo* (Nov. 23, 2004, G030445) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing. (§ 1170.95.) The trial court summarily denied the petition on the basis that the enabling legislation was unconstitutional. This court reversed the trial court's order and remanded for further proceedings on the merits of defendant's petition. (*People v. Mo* (Sept. 22, 2020, G058591) [nonpub. opn.].)

In 2021, after receiving further briefing from the parties, the trial court conducted a hearing on the section 1170.95 petition. The court found "there is not a prima facie showing and the petitioner is not entitled to relief."

Defendant filed a notice of appeal. Defendant's appointed counsel filed a *Wende* brief identifying no arguable issues. Defendant did not file a supplemental brief.

II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In this case, we have reviewed the entire record on appeal. Based on our independent judgment and analysis, we have similarly found no arguable issues that require briefing or argument. (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.) The lying-

3

in-wait special circumstance required the jury to find defendant aided and abetted the killing of the victim with express malice. (§ 190.2 subd. (a)(15).)

Thus, defendant is ineligible for relief under section 1170.95 as a matter of law, and the trial court properly denied the petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

III

DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.

4